# STATE EX REL. ELIM P. FLOREN v. DISPLAYOGRAPH COMPANY AND OTHERS.[1]

December 22, 1916.

Nos. 19,971—(110).

**Corporation — inspection of records by stockholder.**

Appeal from order sustaining alternative writ of *mandamus* to permit inspection of records of corporation by a stockholder and officer who wished to prepare his defense to a charge of embezzling its funds. Application opposed because relator had been indicted upon that charge by the grand jury. *Held* Relator had a right of inspection under G. S. 1913, § 6183. [Reporter.]

Upon the relation of Elim P. Floren the district court for Hennepin county granted its alternative writ of *mandamus* directing the Displayograph Company and others to allow relator and his attorneys opportunity to inspect all the records of that corporation and to take copies of such portions as they desired. The respondents made answer and the matter was heard before Hale, J., who made the alternative writ peremptory. From the order allowing relator and his attorneys the right of inspection, respondents appealed. Affirmed.

*Booth & McDonald,* for relator.

*E. S. Cary,* for respondents.

PER CURIAM.

On the petition of relator the court below issued an alternative writ of *mandamus* commanding defendants to permit relator and his attorneys the right and opportunity to inspect the records of the defendant corporation, and to take copies of such portions thereof as they might desire. The petition set forth that relator was the owner of a majority of the stock of the corporation, and the president thereof; that March 20, 1916, defendant Drennan and one Blake forcibly took from relator's possession the corporate books and records, transferred them to the office of defendant Phelps, and that defendants have refused to allow relator to inspect or take copies of any of said records. The relief asked is necessary to enable relator to prepare his defense on the trial of an indictment charging him with embezzlement of funds of the corporation. The answer was wholly devoted to statements of

[1]Reported in 160 N. W. 486.

alleged criminal acts of relator as president of the corporation, as indicating his guilt of the charge made by the indictment. A reply denied the allegations of the answer. The court below ordered defendants to allow relator and his attorneys before a specified time to inspect and take copies of any and all records, papers and files of the corporation. Defendants appeal from this order.

Defendants contend that relator should have been denied relief because he did not "come into court with clean hands." We fail to appreciate this argument. Relator had a clear right, as a stockholder in the corporation, to inspect its books and records. G. S. 1913, § 6183. This right being denied him by the officers having charge of the books and records, he could enforce it by *mandamus*. G. S. 1913, § 8266. Relator's hands are not shown to be unclean simply because defendants and the grand jury accuse him of crime. He is presumed innocent until found guilty, is entitled to a trial, and to the evidence in defendants' possession necessary to make his defense. The appeal is wholly without merit.

Affirmed.